UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MARY BETH DOMINGUE, ET AL.                    CIVIL ACTION


VERSUS                                        NO: 09-682


SUN ELECTRICAL & INSTRUMENTATION, INC.


**<u>ORDER AND REASONS</u>**

Before the Court is the parties' Joint Motion for Approval of Settlement and for Dismissal of All Claims (R. Doc. 17). This case involves allegations by plaintiff Mary Beth Domingue that she performed overtime work for defendant Sun Electrical & Instrumentation but was not fully compensated. Because this case arises under the Fair Labor Standards Act,[1] the Court must scrutinize the settlement for fairness before issuing its approval.[2] This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees."[3] When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a

---

[1] 29 U.S.C. § 201, *et seq.*

[2] *See Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (Goldberg, J., sitting by designation); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).

[3] *Collins*, 568 F. Supp. 2d at 718.

1

fair and reasonable resolution of a bona fide dispute over the FLSA's provisions.[4]

The Court holds that this matter concerns a bona fide dispute over the FLSA's provisions.  The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[5]  Here, plaintiff's complaint alleges that she "worked hours habitually in excess of forty hours per week," and that defendant "failed and refused to compensate [her] for hours worked overtime and continues to do so to this day."[6]

Defendant, conversely, has marshaled numerous defenses as to why it is not liable for all of plaintiff's FLSA claims.  For example, it contests that all the hours in question were performed for defendant, and it suggests that the hours were actually performed for another entity.[7]  It also disputes the number of hours that Domingue alleges to have worked.[8]  In

---

[4] *Lynn's Food Stores*, 679 F.2d at 1355.

[5] 29 U.S.C. § 207(a)(1).

[6] R. Doc. 1 at 2.

[7] *See* R. Doc. 22, Ex. A at 2.

[8] *See* R. Doc. 22 at 4.

2

addition, defendant also contests the length of the statute of
limitations, which appears to implicate the amounts that Domingue
may be entitled to if she were to prevail on her FLSA claims.[9]

Because plaintiff makes a direct allegation that defendant
acted in violation of an explicit FLSA provision and defendant
presents arguably legitimate defenses as to why it is not liable,
the Court finds that this matter presents a genuine dispute
between the parties as to whether defendant complied with the
FLSA.

The Court also holds that the settlement presented is fair
and reasonable.  First, there is a "strong presumption in favor
of finding a settlement fair."[10]  Furthermore, that this
settlement is the negotiated result of an adversarial proceeding
is an indication of its fairness.  In the 1982 case of *Lynn's
Food Stores v. United States*, Judge Goldberg, sitting on the
Eleventh Circuit by designation, noted that

> the initiation of the action by the employees provides
> some assurance of an adversarial context. . . . Thus,
> when the parties submit a settlement to the court for
> approval, the settlement is more likely to reflect a
> reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought about by an

---

[9] *See* R. Doc. 22 at 9; *see also* 29 U.S.C. § 255(a) (noting
that the length of the statute of limitations will depend on
whether the FLSA violation was "willful").

[10] " *Camp v. Progressive Corp.*, Nos. 01-2680, 03-2507, 2004
WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (Magistrate Judge)
(citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

employer's overreaching.[11]

This settlement appears to be a negotiated compromise by two parties that are represented by counsel.  Furthermore, both parties have stated that the proposed settlement is reasonable and fair, and that in arriving at the proposed settlement they considered (1) liability disputes, including whether plaintiff was paid according to the FLSA, (2) whether plaintiff is entitled to liquidated damages or whether the alleged FLSA violations were willful, and (3) the likelihood of plaintiff's success on her claims.  Finally, the Court has reviewed the substantive terms of the settlement in conjunction with the parties' claims and defenses and cannot find, at this early stage of the litigation, that the settlement is unfair or unreasonable in any relevant respect.[12]

For the foregoing reasons, the Court ACCEPTS the settlement. The parties' joint motion is GRANTED, and all of plaintiff's claims in this matter are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___26th___ day of April, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

_____

[11] 679 F.2d at 1354.

[12] *See Collins*, 568 F. Supp. 2d at 722 (discussing relevant factors courts take into consideration) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

4